Circuit Court, District of Columbia. May Term, 1830.

INJUNCTION—AGAINST ENFORCEMENT OF JUDGMENT —DISCOVERY—GROUNDS.

1. A court of equity will not give relief against a judgment at law upon the ground of usury, if the question of usury was decided in the suit at law, although the bill allege such a defect of evidence as would have been the ground of a bill of discovery.

2. A bill of discovery is an ancillary process, and not for original relief. In order to obtain ultimate relief in equity there must be other ground than the mere defect of evidence in an action at law.

In equity. Bill [by Breckenridge, executor of White, against Peter's executors] for an injunction to stay proceedings on a judgment at law upon a bond including compound interest, which was alleged to be usurious. [Bill dismissed.]

Mr. Wallach and Mr. Jones, for the complainant, cited Connecticut v. Jackson, 1 Johns. Ch. 14, and Lewis' Ex'r v. Bacon's Legatee, 3 Hen. & M. 89.

Messrs. Key and Dunlop, contra, alleged that the question of usury had been settled in the action at law, and could not be litigated again in a court of equity, and cited Brown v. Brent, 1 Hen. & M. 4; Peirce v. Rowe, Adams' Vermont Rep. [1 N. H.] 179; Hastings v. Wiswall, 8 Mass. 455; Ossulston v. Yarmouth, 2 Salk. 449; and Lansing v. Eddy, 1 Johns. Ch. 49.

CRANCH, Chief Judge (MORSELL, Circuit Judge, not sitting). This is a bill for an injunction to stay proceedings on a judgment at law obtained by the defendants against the plaintiff, as executor of James White upon a bond dated 2d September, 1795, given for principal and compound interest upon a former bond dated 27th May, 1789, for £892. 9s. 11d. sterling, payable on demand with lawful interest from the date. The bill avers that compound interest was charged upon the £892. 9s. 11d. sterling; several payments having been made from time to time; some of them not amounting to the interest due at the time of such payments; and that since the bond of September 2d, 1795, sundry payments were made by the complainant. That upon the trial of the suit at law upon that bond, the present complainant "not being able to prove the omission of the credit or the usurious mode of calculating the interest on the said bonds in any other way than by the oath of the plaintiffs at law, and the books of the said Robert Peter, a verdict was rendered against him for $897.07, with interest from 1st of January, 1803, till paid and costs of suit," which judgment was afterwards superseded by the complainant.

[1] [Reported by Hon. William Cranch, Chief Judge.]

The defendants, in their answer, deny that they have any knowledge or belief of any credits not given; and aver that the question of interest was settled at the trial at law. The injunction was dissolved in 1826, and the bill continued; and the cause has now come on to be heard upon the bill, answer, and general replication, exhibits, and depositions taken under the commission.

The bill, although it alleges the imbecility and intemperate habits of James White, does not contain such an allegation of fraud as will authorize the court to grant relief upon that ground, even if it were made out in proof; but it is not. The only questions remaining are, 1st, whether the transaction be usurious; and, if usurious, whether this court can give relief, upon that ground, after the trial, at law, of the same question; and 2d, whether there has been a mistake made in ascertaining the amount due, for which the bond, of the 2d of September, 1795, was given. The question of usury was tried and settled in the suit at law; and I apprehend it is too late, after the trial at law, to allege such a defect of evidence as would have been the ground of a bill of discovery. A bill for discovery is an ancillary process, and not for original relief. In order to obtain ultimate relief in equity, there must be other ground than the mere defect of evidence in an action at law. There is no evidence of mistake of fact in the ascertainment of the sum for which the bond of the 2nd of September, 1795, was given. The complainant has himself, produced a statement, made by Colonel Thompson at the time, which shows exactly the manner in which the parties came to the result; which statement was furnished to Mr. White some months before the bond was given. The bond, therefore, cannot be impeached on the ground of mistake. We think, therefore, that the bill must be dismissed with costs.